IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                                                                       No. CIV 05-1204 LH/LFG
                                                                                      No. CR 04-2003 LH

JOSE TOBANCHE-GONZALEZ,

      Defendant/Petitioner.

**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**[1]

**Findings**

      1.      On November 16, 2005, *pro se* petitioner Jose Tobanche-Gonzalez ("Tobanche") filed a one-paragraph statement that the Court construed as a petition challenging his sentence under 28 U.S.C. § 2255. [Doc. No. 1.] Tobanche's § 2255 petition, to the extent it can be characterized as such, states:

> Now come the Defendant Jose Francisco Tobanche and respectfully move to this court to appeal the judgement sentence under the Federal Rule of Appellate Procedure 4(b) The sentence was record on 02-01-2005, eneffective of counsel did not appeal the judge sentence on the apropeate time. The date of the sentence.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Tobanche left blank the signature line of his petition, although he did sign the attached page noting that he had served the "United States District Attorney" with the pleading.

2. On December 20, 2005, the Court entered an Order staying civil proceedings in this matter pending resolution of Tobanche's appeal in the criminal proceeding, 04cr2003. [Doc. No. 3.]

3. The Court was unaware that on December 16, 2005, the Tenth Circuit Court of Appeals had issued an Order denying Tobanche's criminal appeal based on untimeliness. [Doc. 22 in 04cr2003.]

4. On March 29, 2006, after becoming aware of the Tenth Circuit's denial of Tobanche's appeal, the Court entered an Order lifting the stay in this § 2255 proceeding. The Court then directed the United States to answer Tobanche's § 2255 petition. [Doc. No. 4.]

5. On April 20, 2006, the United States filed a response to Tobanche's § 2255 petition arguing that the petition should be dismissed for failure to state a cognizable claim upon which relief could be granted. [Doc. No. 5.] There have been no further pleadings filed in this matter.

## Criminal Proceedings

6. On July 18, 2004, a criminal complaint was filed against Tobanche alleging that he was a citizen of Mexico who had illegally crossed the United States/Mexico border in violation of 8 U.S.C. § 1326. [Doc. No. 1 in 04cr2003.] Tobanche was represented by counsel. On October 26, 2004, Tobanche waived prosecution by Indictment and consented to proceed by Information. The Information, entered October 26, 2004, alleged that Tobanche had previously been convicted of an aggravated felony, Attempted Aggravated Intimidation of a Witness, and thereafter was deported on about October 26, 2001. [Doc. No. 9 in 04cr2003.] In July 2004, Tobanche was found to have re-entered the United States without permission.

7.     On October 26, 2004, Tobanche entered into a plea agreement with the government, in which he pled guilty to a one-count Information charging him with violating 8 U.S.C. § 1326– Re-Entry of a Deported Alien Previously Convicted of an Aggravated Felony.  The plea agreement advised Tobanche that the maximum penalty the Court could impose was twenty years.  In the plea agreement, Tobanche agreed that his sentence would be determined in accordance with sentencing guidelines and waived any right he might have under Blakely v. Washington, 542 U.S. 296 (2004), *reh'g denied,* 542 U.S. 961 (2004).  Tobanche fully understood that the determination of the sentencing range and the guideline level, as well as the sentence imposed, were solely within the Court's discretion.  [Doc. No. 12 in 04cr2003.]  In exchange for the plea agreement, the United States stipulated that Tobanche had clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct and that he was entitled to a reduction of two levels from the base offense level under sentencing guidelines.  The United States further agreed to recommend a sentence at the low end of the sentencing guideline range.  [Id.]  Tobanche signed the plea agreement, acknowledging that he had carefully read it with his attorney, understood it, and voluntarily entered into the agreement.  [Id.]

8.     On February 2, 2005, Tobanche was sentenced.  The Court accepted his guilty plea and imposed a term of imprisonment of 57 months, along with a 2-year period of unsupervised probation.  On February 3, 2005, the government filed its Motion for Downward Adjustment based on Tobanche's acceptance of responsibility.  [Doc. Nos. 16, 17 in 04cr2003.] Thus, the government lived up to its bargain evidenced by the plea agreement.  [Doc. No. 17 in 04cr2003.]

9.      On February 3, 2005, the Court entered Judgment in the criminal proceeding. The Clerk's Minutes from the sentencing hearing confirm that Tobanche was advised of his right to appeal. [Doc. No. 16 in 04cr2003.]

10.      Under the Federal Rules of Appellate Procedure, Tobanche had ten days from the Court's entry of Judgment, within which to file a Notice of Appeal. Fed. R. App. P. 4(b)(1)(A). Tobanche did not file an appeal within the ten-day deadline for doing so.

11.      More than nine months later, Tobanche filed a one-paragraph statement that the Court construed as an attempted notice of appeal of his criminal sentence. The United States asserts that he filed the belated notice of appeal "through counsel" [Doc. No. o. 5, p. 2], but the document appears to have been prepared by Tobanche acting *pro se*. It is similar to the one-paragraph pleading this Court construed as a § 2255 petition. The notice of appeal states:

> Now come the Defendant Jose Francisco Tobanche and respectfully move to this court and to filed late notice of appeal of the U.S. District court judgement sentence under Federal rule of Appellate Procedure 4(b) The sentence was recorde on 02-01-05 eneffective of counsel did not appeal the judge sentence on the appropriate time, the date of the sentence.

[Doc. No. 20 in 04cr2003.]

12.      On December 16, 2005, the Tenth Circuit filed an Order finding it lacked jurisdiction over Tobanche's appeal because the notice of appeal was filed more than ten days after entry of judgment. Thus, the appeal was dismissed. [Doc. No. 22 in 04cr2003.]

## Analysis

13.      In its response to Tobanche's § 2255 petition, the government characterizes Tobanche's argument as being alleged ineffective assistance of counsel for failure to file a timely

appeal. The United States agrees that Tobanche's appeal in the criminal proceeding was not timely filed. However, the United States asserts that Tobanche's one-paragraph petition does not provide any information that would support an ineffective assistance of counsel claim, e.g., what advice counsel gave Tobanche about his defenses, his chances at trial versus a guilty plea, and whether counsel recommended an appeal. Nothing in Tobanche's pleading, save for the claim that no appeal was filed, demonstrates how, if at all, his counsel was deficient. The government further contends that Tobanche's § 2255 petition should be dismissed because Tobanche must, but cannot, meet the rigorous requirements of an ineffective assistance of counsel claim set forth under Strickland v. Washington, 466 U.S. 668 (1984), *reh'g denied,* 467 U.S. 1267 (1984).

14. An ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal, must be evaluated in accordance with the two-prong test set forth in Strickland v. Washington. In accordance with Strickland, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance. Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S.Ct. 1029 (2000); Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062 (1996). Thus, to prevail, Tobanche must satisfy both prongs by establishing his attorney's representation was deficient and that he was prejudiced by that deficiency. *See* United States v. Gonzalez-Bartolo, 132 Fed. Appx. 770 at *771 (10th Cir. May 31, 2005) (unpublished) (internal citations omitted).

15. In applying the test of whether an attorney's performance was deficient and fell below an objective standard of reasonableness, the Tenth Circuit advises that "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

5

professional judgment.'" Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.) (internal citation omitted), *cert. denied*, 537 U.S. 1093 (2002). To demonstrate that his attorney's performance was constitutionally deficient, Tobanche must show that his counsel's "omissions were outside the range of professionally competent assistance." Strickland, 466 U.S. at 690.

16. Assuming that Tobanche could meet the first prong of the Strickland test, which he cannot, he also must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

17. Here, Tobanche provides no grounds for meeting either of the Strickland prongs. He provides no information regarding communications with counsel regarding the possibilities of an appeal or allegations that his attorney refused to file an appeal at Tobanche's direct request. Moreover, Tobanche does not supply any information or argument that there was a "reasonable probability, but for his attorney's alleged unprofessional errors, the result of the criminal proceeding would have been different. In other words, Tobanche did not demonstrate that it was reasonably probable that he would have fared better had he proceeded to trial rather than plead guilty. Indeed, this would have been difficult for Tobanche to have established in view of his prior deportation for the conviction of a felony, the government's agreement to move for a downward adjustment based on acceptance of responsibility, and the government's recommendation that Tobanche be sentenced at the lower end of the sentencing range.

18. Thus, because Tobanche presents no evidence to satisfy either prong of the Strickland test, the Court recommends that his ineffective assistance of counsel, based on his attorney's failure to file a timely notice of appeal, be denied and that the petition be dismissed.

19. In addition, although Tobanche's one-paragraph petition did not expressly request an evidentiary hearing, the Court concludes that there is no basis to conduct such a hearing. Title 28 U.S.C. § 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law. . . ." Here, Tobanche is not entitled to an evidentiary hearing under § 2255 because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 28 U.S.C. 2255.

## Recommended Disposition

That Tobanche's § 2255 petition [Doc. No. 1] be DENIED and that the petition [Doc. No. 1] be DISMISSED, with prejudice.

*Lorenzo F. Garcia* (signature)
Lorenzo F. Garcia
Chief United States Magistrate Judge